WEBSTER, Judge.
Appellant seeks review of a final administrative order by which the Department of Health and Rehabilitative Services (HRS) terminated her Aid to Families with Dependent Children (AFDC) and Medicaid benefits. Appellant argues that HRS erroneously concluded that a parcel of undeveloped real property owned by her was an “asset,” the value of which rendered her ineligible for such benefits. Because we conclude that HRS incorrectly interpreted its own rule, we reverse.
The facts are not disputed. Appellant is a single mother of five minor children, ranging in age from seven to seventeen. She and her children are totally dependent upon AFDC, food stamps and Medicaid benefits.
At some point, appellant learned from her father that her great-uncle had deeded to her a 1.8-acre parcel of unimproved real property in rural Putnam County before his death. Appellant brought this fact to the attention of HRS. Appellant owned no “assets” other than this real property. Initially, because the value assigned to the property exceeded $1,000.00, the maximum one is permitted to own in “assets” and remain eligible for benefits, HRS terminated ail of appellant’s benefits. However, HRS later relented and agreed to reinstate appellant’s benefits for nine months, on condition that appellant list the property for sale and agree to repay benefits received during that period upon the sale of the property. Appellant cooperated, listing the property for sale. Unfortunately, the property did not sell and, after nine months, HRS again notified appellant that it intended to, terminate benefits. Appellant requested a hearing.
Although the property had been on the market for over a year at the time of the hearing, appellant had not received an offer to purchase it at any price. A real estate appraiser testified that the property was in a rural area where there were a number of parcels for sale, and sales were very slow. According to the appraiser, she would expect it to take at least two years to sell property such as appellant’s. She said that the property might be sold for as much as the $3,960.00 at which it was appraised for tax purposes, if it were allowed to remain on the market for a sufficient length of time. However, in a quick sale, the property would probably not fetch more than $1,000.00 to $1,500.00. Appellant testified that she could not move onto the property, thereby converting it into a homestead and avoiding the “asset” limitation, because she lacked the funds for necessary improvements. Appellant also testified that there were tax liens on the property for two years, and that she owed current taxes, all of which she was unable to pay.
In reaching his decision, the hearing officer relied upon Florida Administrative Code Rule 100-1.099(1) and (4)(f)3. which, together, read:
(1) Assets are items of monetary value which a family owns. The equity value of available countable assets owned by the child, parent or relative must not exceed $1,000.
[[Image here]]
(4) The following items are not counted as assets:
[[Image here]]
*985 (f) Real property which the household is making a good faith effort to sell will be excluded for a maximum of nine months if the household agrees to use the proceeds from the sale to repay the AFDC paid.
[[Image here]]
3. If the family becomes ineligible for other reasons during the disposal period, or if disposal is not completed within the specified time period, eligibility for continuing payment ceases and all payments made during the period are overpayments.
The hearing officer concluded that the property had a value in excess of $1,000.00, and that it could be excluded from being “counted” as an “asset” for a maximum of nine months. Accordingly, he concluded, further, that he had no alternative but to declare appellant ineligible for AFDC and Medicaid benefits. Appellant renews here the argument she made below — that the property is “unavailable” to her and, therefore, cannot be “counted” as an “asset.” We agree.
Before one can be declared ineligible for benefits pursuant to rule 10C-1.099, “[t]he equity value of available countable assets owned ... must ... exceed $1,000.” Fla.Admin.Code R. 10C-1.099(1) (emphasis added). Rule 10C-1.099(4), to which the hearing officer looked for guidance, defines those “assets” which are “countable.” However, rule 100-1.099(5), upon which appellant relies, addresses when “assets” are “available.” It reads:
(5) Assets not accessible to the child, parent or relative due to legal restrictions or factors beyond their control are considered unavailable provided the legal restrictions were not induced or created by the parent or relative....
On the record before us, the evidence is undisputed that, despite appellant’s best efforts, the “equity value” of the property has been inaccessible to her and, therefore, “unavailable.” As long as the “equity value” of the property remains “unavailable” to appellant, it may not be “counted” in “assets” for purposes of determining whether appellant’s “assets” exceed $1,000.00.
Because the hearing officer incorrectly interpreted rule 10C-1.099, we reverse and remand with directions that appellant’s benefits be reinstated. Appellant will continue to be eligible for benefits notwithstanding her inability to sell the property, provided that she continues her good-faith efforts to do so. Of course, upon the sale of the property, the net proceeds may be applied toward repayment of benefits received. Fla.Admin.Code R. 100-1.099(4)00.
REVERSED and REMANDED, with directions.
MINER and MICKLE, JJ., concur.