PER CURIAM.
Appellant seeks review of a final administrative order by which the Department- of Health and Rehabilitative Services terminated her Medicaid assistance and denied her application for Aid to Families with Dependent Children (AFDC) and Food Stamp benefits. For the following reasons, we reverse.
It is not disputed that appellant, the single mother of a minor child, learned of the existence of funds that her grandparent had deposited in a Kentucky bank when appellant was a minor. The funds, which now total over $14,000, are in certificates of deposit (CDs) held in a discretionary revocable trust agreement with appellant’s mother, Anna Cornwell, the named trustee for the appellant as beneficiary. Prior to appellant’s discovery of the funds, the appellant’s mother had already pledged the CDs as collateral for loans the mother took from the Kentucky bank.
Upon learning of the Kentucky trust, the department denied appellant’s reapplication for AFDC and Food Stamps, and terminated her Medicaid. The appellant requested a hearing to contest the department’s finding that the CDs constituted countable and available assets that exceeded the program eligibility limits. At the hearing, appellant conceded that she never directed a written demand for the funds to the Kentucky bank or to her mother. However, her mother had told her that the funds were not available because they had been pledged as collateral, and the Kentucky bank rejected a request for account information claiming that they could only release such information to the mother/trustee. The HRS supervisor handling appellant’s case testified that the department had learned from the bank that the appellant could not have access to the funds.
In his final order upholding the denial of benefits, the department’s hearing officer concluded that the Kentucky funds constituted countable and available assets that rendered the appellant ineligible for assistance. On the critical question of availability, the hearing officer found that the only evidence establishing the inaccessibility of the funds was hearsay, and thus, the funds must be considered assets of the appellant.
The appellant’s ownership interest in the Kentucky account is by no means disposi-tive of the instant case. Interpreting state and federal regulations governing these public assistance programs, this court has held that assets must be available in order to impact. eligibility. See Dubois v. Dept. of Health and Rehabilitative Services, 626 *507 So.2d 983 (Fla. 1st DCA 1993) (AFDC and Medicaid); Ziegler v. Dept. of Health and Rehabilitative Services, 601 So.2d 1280 (Fla. 1st DCA 1992) (AFDC and Food Stamps). “Assets are considered available to an individual when the individual has unrestricted access to the funds.” Fla.Admin.Code Rule 10C-1.303(3). In Ziegler, the court applied the “principle of actual availability,” in which funds were deemed unavailable that were not on hand or ready for use when needed.
In the instant case, more than mere hearsay established that the Kentucky funds were unavailable to the appellant. Appellant’s testimony concerning her unsuccessful attempts to obtain the funds was not hearsay. The department was itself aware that appellant did not have access to the funds. Moreover, the record reflects that the appellant was denied account information, thus making it highly unlikely that she could obtain the actual funds by simple request.
We agree with the department’s observation that the appellant could have done more to obtain the funds. Indeed, the appellant could have made a written demand, she could have threatened or actually filed suit and, ultimately, she might have obtained a judgment for any amounts wrongfully withheld. However, the mere fact that she could have done more does not mean that the funds were actually available in the sense of being on hand or ready for use when needed.[1] Thus, in Ziegler, we did not require the terminated recipient to pursue and obtain a court order authorizing the withdrawal of funds held in trust; it was sufficient that the funds were not readily and immediately available for the recipient’s use, and that the restrictions on accessibility were not created by the recipient herself or by a member of the assistance unit.[2] Here, there was sufficient evidence establishing that the funds were not readily and immediately available to the appellant, and the unavailability was not induced or created by her own actions.
Accordingly, the appealed order is reversed, and the ease is remanded for entry of an order consistent with this opinion.
MINER, MICKLE and DAVIS, JJ., concur.

. We have required "best efforts” where the recipient holds real property, because such an asset is subject to a limited exclusion when the recipient makes "a good faith effort to sell.” Fla.Admin.Code Rule 10C-1.099(4)(f); Dubois, supra. It is not dispositive of the instant case whether the appellant used her best efforts to obtain the Kentucky funds.

. Of course, the funds would be deemed available if the only restrictions were put in place by the recipient herself. See Fla.Admin.Code Rule 10C-1.303(3) (assets not countable due to unavailability will be deemed available where the restrictions are "caused or requested” by the recipient); Fla.Admin.Code Rule 10C-1.099(5) (unavailable assets may be counted where the restrictions are "induced or created” by the recipient). Although the department has suggested that there was some agreement between the appellant and her mother to make the Kentucky funds unavailable, no proof was presented establishing such collusion.